# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **SHERIAL INGRAM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | 7:23-cv-00653-LSC |
| ) | |
| **MARTIN O'MALLEY,** ) | |
| **Acting Commissioner of** ) | |
| **Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OF OPINION

## I. Introduction

Plaintiff, Sherial Ingram ("Ingram" or "Plaintiff") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Title II Social Security Disability Insurance benefits ("DIB"). (Doc. 1.) Ingram timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for judicial review pursuant to 42 U.S.C §§ 405(g), 1383(c)(3).

Ingram was born on March 25, 1962. (Tr. 26.) Plaintiff was fifty-eight years old on the alleged disability onset date and her date last insured. (*See* tr. 19.) Ingram has worked as a motel housekeeper and clerk. (Tr. 26.) Ingram

attributes her disability, which began October 1, 2020, to peripheral vascular disease (PVD) of the legs and right foot, diabetes mellitus (Type 2), diabetic neuropathy, lower back degenerative disc disease, hypertension, sciatica, and ulcerative colitis. (Tr. 183, 225.)

To be eligible for DIB, the claimant must prove she became disabled prior to the expiration of her disability-insured status. *See* 42 U.S.C. §§ 416(i)(3), 423(a), (c); 20 C.F.R. §§ 404.101, 404.130, 404.131. The claimant's disability-insured status expired on December 31, 2020; thus, Plaintiff had to prove she was disabled on or before that date to be eligible for DIB. (Tr. 19.) The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps sequentially until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Individual impairments or a combination of impairments not classified as "severe" that do not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in finding the plaintiff not disabled. *Id.* The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that the plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or a combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. *Id.* If the plaintiff's impairment or a combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual capacity ("RFC"). *Id.* §§ 404.1520(e), 416.920(e).

The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of her past relevant work. *Id.* §§

404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or a combination of impairments does not prevent the performance of past relevant work, the evaluator will find the plaintiff not disabled. *Id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience to determine whether the plaintiff can perform or adjust to other work. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find the plaintiff not disabled. *Id.*; *e.g.,* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find the plaintiff disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

In this case, the Administrative Law Judge ("ALJ") first found that Ingram's date last insured for DIB benefits was December 31, 2020. (Tr. 19.) The ALJ also determined that despite Ingram working after the alleged onset date, October 1, 2020, she had not engaged in SGA since then. (Tr. 19.) At step two, the ALJ determined that Ingram had "disorder of the skeletal spine, peripheral neuropathy, history of open wounds, diabetes mellitus, and obesity." (Tr. 19.) At step three, the ALJ found that Ingram did not have "an impairment or combination of impairments that met or equaled" an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21.) Then, after considering the

entire record, the ALJ determined Ingram had the RFC to perform medium work, as defined in 20 C.F.R. § 404.1567(c), "except frequent stooping, crouching, crawling, and kneeling." (Tr. 23.)

The ALJ relied on testimony from a Vocational Expert ("VE") which indicated Ingram "could not perform her past relevant work." (Tr. 26.) However, relying on additional VE testimony, the ALJ found that given Plaintiff's vocational factors and RFC, she could perform other jobs existing in significant numbers in the national economy, including the representative occupations of produce packer and assembler. (Tr. 27.) As a result, the ALJ found that Plaintiff was not disabled from October 1, 2020, through December 31, 2020, the date last insured. (Tr. 28.) The Appeals Council denied Ingram's request for review. (Tr. 1-6.)

## II. Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner,

provided those findings are supported by substantial evidence but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d

881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982), *superseded on other grounds by Harner v. Comm'r of Soc. Sec.*, 38 F.4th 892 (11th Cir. 2022)).

## III. Discussion

Ingram alleges that the ALJ's decision should be reversed and remanded because the ALJ's RFC decision was not supported by substantial evidence and the ALJ did not properly evaluate the medical opinion evidence in accordance with the regulations' articulation requirements. (Doc. 11 at 12-22.) For the reasons detailed below, these arguments are without merit.

### A. Substantial Evidence

In order to determine the RFC, the adjudicator is instructed to base the assessment on "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). Pursuant to the revised regulations applicable to claims filed on or after March 27, 2017, an ALJ will not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," including those from the claimant's medical sources. *Id.* § 404.1520c(a). The removal of the treating source rule is intended to "eliminate confusion about a hierarchy of medical sources and

instead focus adjudication" on the evidence, as well as ensure that courts are not reweighing the evidence under the substantial evidence standard of review, which is intended to be a highly deferential standard. REVISIONS TO RULES REGARDING THE EVALUATION OF MEDICAL EVIDENCE, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017). The Eleventh Circuit has recognized that the "new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion." *Matos v. Comm'r of Soc. Sec.*, No. 21-11764, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022).

The ALJ must now determine the persuasiveness of medical opinions by considering supportability, consistency, treatment relationship, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)-(5). The ALJ must articulate how "supportability" and "consistency" factors were considered for a medical source's opinions or prior administrative medical findings. 20 C.F.R. § 404.1520c(b)(2). An ALJ is not required to articulate how the remaining factors were considered unless there are equally persuasive medical opinions or prior administrative medical findings as explained in 20 C.F.R. § 404.1520c(b)(3).

First, Plaintiff argues the ALJ erred by not analyzing the supportability or consistency factors of state agency medical consultants, Gloria Sellman and Gregory Parkers' opinions. (Doc. 11 at 11-12.) Dr. Sellman reviewed the record

and concluded that there was insufficient evidence within the relevant period to evaluate the claim and Dr. Parker agreed. (Tr. 69-72.) Additionally, both state agency consultants concluded that there were no functional limitations in Plaintiff's RFC, resulting in a determination that Ingram was not disabled. (Tr. 71-72, 78-79.)

In their respective opinions, Dr. Sellman and Dr. Parker reviewed the available evidence and made a determination that there was insufficient evidence to consider Plaintiff's medical condition. (Tr. 69, 76.) State agency medical consultants do not examine claimants as part of the application or disability determination process, which Ingram appears to concede by describing Dr. Sellman as a "non-examining state agency medical consultant." (Doc. 11 at 13.) Thus, although the ALJ does appear to not mention consistency or supportability, there was not sufficient evidence for him to be able to do so. Because their findings correlate with the ALJ's ultimate finding, any error in the ALJ failing to adequately explain these factors is harmless, as described in greater detail below. *Mills v. Astrue*, 226 F. App'x 926, 931 (11th Cir. 2007) ("when an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.")

Plaintiff also argues that the ALJ erred by not considering Dr. Reed's opinion. (Doc. 11 at 14-22.) Specifically, Ingram alleges that the ALJ did not analyze the consistency of the opinion with the evidence of record. *Id.* Dr. Reed completed a medical source statement in July 2022, where he stated Ingram is limited to sedentary work and is likely to be off task more than 25 percent of a workday due to her symptoms. (Tr. 994.) Dr. Reed's opinion is dated nineteen months after Ingram's last date insured. *Id*. The ALJ found that "the document[] address[es] the claimant's condition well after the relevant period, and therefore, no persuasive value has been rendered." (Tr. 26.) Further, the opinion does not relate to Plaintiff's condition on or before December 31, 2020. Thus, the ALJ did not err in failing to consider Dr. Reed's July 2022 opinion because evidence after the date last insured is relevant only to the extent that it is probative of the claimant's condition prior to that date. *See Jones v. Comm'r of Soc. Sec.,* 181 F. App'x 767, 772 (11th Cir. 2006); *see also Henderson v. Berryhill*, No. CV417-225, 2019 WL 1179426, 2019 U.S. Dist. LEXIS 40764 (S.D. Ga. Jan. 22, 2019) ("Post-date last insured records have little bearing on the disability determination unless [the claimant] demonstrates that the post-date evidence relates back to her condition prior to the expiration of her insured status . . . . In other words, only evidence directly bearing on [the claimant's] pre-expiration medically determinable impairments . . . should be

considered."); *see also Grantham v. Colvin*, No. CV 312-046, 2013 WL3804581 at *4, 2013 U.S. Dist. LEXIS 101494 at *10 (S.D. Ga. July 18, 2013) ("[E]vidence, including opinion evidence from a treating physician, which occurs after the relevant time period and does not describe the claimant's condition during that period is properly rejected as irrelevant.").

Next, Plaintiff argues that the ALJ erred by not considering NP Elledge's September 2022 opinion. (Doc. 11 at 14-22.) Specifically, Ingram argues that the ALJ did not acknowledge this opinion and conducted no analysis of the supportability and consistency factors. *Id.* There was no error by the ALJ in specifically not referencing NP Elledge's September 2022 opinion. The ALJ does not have to specifically reference medical opinions that are not within the pertinent period at issue and do not relate back to the claimant's condition as it existed during the pertinent period. *See Edwards v. Comm'r of Soc. Sec.,* No. 6:20-cv-00715-HNJ, 2021 WL 3667031, *8 (N.D. Ala. Aug. 18, 2021) (finding the ALJ did not err in failing to expressly discuss Dr. Mollohan's examination notes because they did not relate to the time in which they were given and do not specifically relate back to the pertinent period at issue); *see also Rodriguez v. Comm'r of Soc. Sec.,* No. 6:20-cv-1674-MRM, 2022 WL 807443, *6-7 (M.D. Fla. Mar. 17, 2022) (rejecting the claim that the ALJ's lack of specific medical record citations hindered judicial review, the court affirmed the ALJ's conclusion that

the opinions were "not persuasive" due to inconsistencies with the medical record).

### B. Harmless Error

In any event, any errors made by the ALJ in failing to analyze the consistency or supportability of the state agency consultants' opinions, the consistency of Dr. Reed's opinion, or failing to address NP Elledge's September 2022 opinion, are harmless. When the correct application of the regulations would not contradict the ALJ's ultimate findings, the incorrect application is considered a harmless error and the ALJ's decisions will stand. *See Diorio v. Heckler,* 721 F.2d 726, 728 (11th Cir. 1983). Plaintiff has the burden of showing that any error is harmful. *See Shinseki v. Sanders,* 556 U.S. 396, 409 (2009). For the reasons set out below, Ingram has failed to meet her burden.

The state agency consultants' opinions support the ALJ's determination that Ingram was not disabled. More specifically, both opinions stated that there was insufficient evidence to consider Plaintiff's medical condition during the relevant period, and that there were no functional limitations in Plaintiff's RFC, resulting in a disability determination that Plaintiff was not disabled. (Tr. 71-72, 78-79.) Thus, because the ALJ's error was not his reliance on these opinions, but rather his failure to address their supportability and consistency as

required under 20 C.F.R. § 404.1520c(b)(2), it was a harmless error and does not affect the validity of his decision.

The medical opinions by Dr. Reed (completed in July 2022) and NP Elledge (completed in July 2022) were rendered after the date last insured, therefore the ALJ did not err in not considering them. NP Elledge's opinion stated that Ingram would likely be off-task more than 25 percent of a workday; would likely be absent more than four days per month; cannot lift or carry less than five to ten pounds; can sit for less than one hour in an eight-hour workday; can stand/walk for less than one hour in an eight-hour workday; and needs to lie down/recline every thirty to sixty minutes throughout the course of a workday. (Tr. 1005-08.) Similarly, Dr. Reed's medical source statement explained that Plaintiff is limited to sedentary work and is likely to be off-task more than 25 percent of a workday due to her symptoms but his opinion did not relate her condition before her date last insured. (Tr. 994.) However, the Eleventh Circuit has found that an impairment that comes into existence or reaches disabling severity after the expiration of insured status cannot form the basis for a finding of disability under Title II. *See Jones v. Comm'r of Soc. Sec.,* 181 F. App'x 767, 772 (11th Cir. 2006). Evidence after the date last insured is relevant only to the extent that it relates to the claimant's condition prior to that date, neither Dr. Reed (Tr. 994.) nor NP Elledge (Tr. 1005-08.) relate

Plaintiff's condition in 2022 to her condition before or on December 31, 2020. As a result, even if the ALJ erred by failing to address NP Elledge's opinion or analyze the consistency of Dr. Reed's opinion, any error was harmless because the opinions were irrelevant, as they did not address the pertinent time period. For the reasons detailed above, this Court finds that there was substantial evidence for the ALJ to find that Plaintiff was not disabled from October 1, 2020, through December 31, 2020, the date last insured.

## IV. Conclusion

Upon review of the administrative record, and considering Ingram's argument, this Court finds the Commissioner's decision is supported by substantial evidence and is AFFIRMED. A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on August 7, 2024.

L. Scott Coogler
United States District Judge

215708